# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH SORENSEN, #408282, 1782085, | * |
|     Plaintiff, | * |
| v. | *   Civil Action No. PWG-15-1198 |
| |      (Consol. Civil Action No. PWG-15-3041) |
| JOHN WOLFE, Warden, Jessup Correctional Institution, *et al.*, | * |
| | * |
|     Consol. Defendants. | * |

\*\*\*

## MEMORANDUM OPINION

On September 9, 2016, I granted summary judgment in favor of Defendants in Plaintiff Kenneth Sorensen's 42 U.S.C. § 1983 claim pertaining to his incarceration at Western Correctional Institution ("WCI") and Jessup Correctional Institution ("JCI"), except as to his claims concerning his dental care at JCI, and granted Defendants twenty-eight days to file a renewed motion for summary judgment as to that claim. Mem. Op., ECF No. 70; Order, ECF No. 71. On October 7, 2016, Defendants filed a renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Defs.' Mot., ECF No. 74, which I will construe as a renewed Motion for Summary Judgment, along with an accompanying memorandum, Defs.' Mem., ECF No. 74-1, in response to which Sorensen has filed an Opposition,[1] Pl.'s Opp'n, ECF No. 76. Upon review of the renewed Motion and Sorensen's Opposition, I find a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2016). In addition, I will also consider Sorensen's Motions for Leave to Amend the Complaint, ECF Nos. 72, 83, 85 and his Motion for

---

[1] Sorensen did not file a timely Opposition, *see* ECF No. 75, but he filed a Motion for an Extension of Time shortly after the Court received the filing, ECF No. 80, and the Defendants were not prejudiced by the late filing. Accordingly, I will retroactively grant Sorensen's Motion for an Extension and will consider his Opposition.

Reconsideration, ECF No. 73. For reasons stated below, I will GRANT Defendants' Motion for Summary Judgment and DENY Sorensen's Motions.

## **Preliminary Matters**

### Motions for Leave to Amend the Complaint

I shall first consider Sorensen's three Motions for Leave to Amend the Complaint. When Fed. R. Civ. P. 15(a)(1) is inapplicable, then "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits."). There are exceptions to this standard, and a district court may deny a motion to amend for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." *Booth v. Maryland*, 337 F. App'x. 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman*, 371 U.S. at 182).

Sorensen's first Motion to Amend seeks to add evidence to demonstrate exhaustion of the claims that I addressed in my previous Memorandum Opinion. Pl.'s Mot. Reconsideration 3–4. That evidence, which he filed three days later with his Motion for Reconsideration, consists of thirty-four pages of Inmate Grievance Office ("IGO") decisions, which Sorensen asserts proves that he exhausted his administrative remedies. ECF No. 73-2. Importantly, each of the grievances that the decisions addressed were received by the IGO on October 6, 2015, almost six months after Sorensen filed this suit. *Id.* Contrary to Sorensen's assertions, the dates of these documents in fact confirm that, at the time Sorensen filed the instant lawsuit, he had not

2

exhausted his administrative remedies. Furthermore, these IGO decisions were referenced by Defendants in exhibits they filed to support their first dispositive motion, *see* Neverdon Decl.¶¶ 6, 8–16, ECF No. 57-7, and I addressed them in my previous Memorandum Opinion.  Mem. Op. 7–8.  Thus, granting the first Motion to Amend would be futile. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir.1995) (stating an amendment is futile if it could not survive a motion to dismiss for failure to state a claim).  Accordingly, the Motion will be denied.

Sorensen's other two Motions to Amend seek to add Allen Gang, Brian Hammons, J. Hedrick, and Brandon Barnett as defendants.  ECF Nos. 83, 85.  Sorensen claims that Gang, who is Chief of Security at JCI, is responsible for the overall safety and security of inmates. ECF No. 83-1. He alleges that Hammons, who is a case management supervisor at Western Correctional Institution ("WCI"), was responsible for improperly transferring Sorensen from WCI to JCI on January 16, 2013. *Id*.  J. Hendrick is a case management specialist, who Sorensen blames for placing a gang member in his cell.  ECF No. 85-1.  Brandon Barnett is a gang intelligence officer at JCI, who Sorensen appears to implicate in the same decision.  *Id.*  These proposed amendments relate to the claims that I previously dismissed, and neither of these individuals is alleged to have had any responsibility for escorting Sorensen to his dental appointments, which is the subject of the sole remaining claim.  Accordingly, I will deny the Motions.

## Motion for Reconsideration

Sorensen's Motion for Reconsideration asks me to revisit my previous decision finding the bulk of his claims unexhausted.  Pl.'s Mot. Reconsideration 4.   Federal Rule of Civil Procedure 54(b) provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Fayetteville Inv'rs v. Commercial Builders, Inc*., 936 F.2d 1462, 1469 (4th Cir.

1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."). Reconsideration is appropriate where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Humane Soc'y of United States v. Nat'l Union Fire Ins. Co. of Pittsburgh,* No. DKC-13-1822, 2017 WL 1426007, at *3 (D. Md. Apr. 21, 2017) (quoting *Akeva, LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005)).

Sorensen fails to meet the exacting standard for reconsideration. He provides a number of IGO decisions that were not part of the record at the time of my previous decision, ECF No. 73-2, and argues that they demonstrate that his non-dental claims were exhausted and should be considered on the merits, Pl.'s Mot. Reconsideration 3–4. But, as mentioned above, the documents confirm rather than negate my conclusion that his other claims were not exhausted because the decisions reveal that the IGO received Sorensen's grievances well after he filed his Complaint in this case. Accordingly, I will deny the Motion for Reconsideration.

## **Defendants' Renewed Motion**

The relevant facts concerning the claim that is the subject of Defendants' renewed Motion were set forth in my previous Memorandum Opinion:

> Sorensen complains that he was not escorted to the dental unit for treatment he requested on January 23, 2013; February 25, 2013; August 13, 2013; October 10, 2013; November 25, 2013; December 20, 2013; February 26, 2014; April 14, 2014; September 11, 2014; and another time in April of 2014, although the date is unspecified. Compl. 18. As a result, he did not receive the dental care he felt he needed. *Id.* Sorensen maintains that he did not refuse dental treatment after June 13, 2013. *Id.* He claims that he is missing nine top teeth and lacks a partial denture to keep his five bottom teeth straight, causing him to suffer disfigurement and difficulty eating. *Id.* Additionally, Sorensen claims he suffered "sensitivity and pressure and then throbbing pain for approximately 3 months" starting on January 15, 2014, until his tooth was filled on June 13, 2014. *Id.* Sorensen blames Sergeant Robert Jordan for covering up what he characterizes as an

"illegal no-escort policy" that prevented him from receiving dental care. Sorensen Decl. 15, ECF No. 9-8.

Mem. Op. 8–9. The relevant standard of review is also outlined in my earlier Memorandum Opinion, *id.* at 3–5, and is incorporated by reference.

In their renewed Motion, Defendants argue that Sorensen's claims are barred by the principle of collateral estoppel, also known as "issue preclusion." Defs.' Mem. 6–10. Because an Administrative Law Judge previously determined in a quasi-judicial setting at which Sorensen received a full opportunity to be heard that his dental issues did not amount to a serious medical condition and that JCI corrections officials were not deliberately indifferent to his medical needs, Sorensen may not litigate these issues again. I will therefore grant summary judgment to the Defendants on Sorensen's remaining claim.

In my previous Memorandum Opinion, I characterized Sorensen's claim concerning his dental care as an Eighth Amendment deliberate-indifference claim. As I explained,

> "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk to inmate health or safety." *Jackson*, 775 F.3d at 178 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (internal quotation marks omitted). "[I]t is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (citations omitted). Thus, a deliberate indifference claim has both an objective component—that there objectively exists a serious medical condition and an excessive risk to the inmate's health and safety—and a subjective component—that the official subjectively knew of the condition and risk. *Farmer*, 511 U.S. at 834, 837 (holding that an official must have "knowledge" of a risk of harm, which must be an "objectively, sufficiently serious").

Mem. Op. 9–10. Also of note, an Eighth Amendment violation based on delayed treatment "only occurs . . . if the delay results in some substantial harm to the patient." *Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008).

As Defendants note, the two prongs of Sorensen's deliberate-indifference claim were already implicitly addressed during prior administrative proceedings. On July 24, 2014, Sorensen filed IGO Grievance No. 20141573. *Sorensen v. Md. Div. of Corr.,* OAH Case No. DPSC-IGO-002V-14-42645, at 1 (Md. Office Admin. Hrgs. Jan. 26, 2015), ECF No. 74-2. In that Grievance, he complained, as he does in this proceeding, that he was improperly denied dental treatment because he missed five scheduled appointments from August 2013 to May 2014 due JCI's inability to provide an escort. *Id.* In a hearing conducted on December 19, 2014, Sorensen testified on his own behalf. DOC representative George Allen and Sgt. B. Abato testified on behalf of the DOC. Administrative Law Judge Tameika Lunn-Exinor determined that Sorensen was unable to attend dental appointments on August 13, 2013; October 10, 2013; November 25, 2013; and December 20, 2013, due to the unavailability of an escort. *Id.* at 3, 6. But she also found that Sorensen attended or declined to go to scheduled appointments when given the opportunity to do so. *Id.* at 3–4. The following is a chart that summarizes ALJ Lunn-Exinor's findings, with bolded dates indicating those on which Sorensen alleges in the proceedings before this Court that unavailability of an escort prevented him from attending a scheduled appointment:

**Table 1**

| 2/6/13 | **2/25/13** | 4/8/13 | 4/30/13 | 5/30/13 | 6/7/13 | 6/13/13 |
|---|---|---|---|---|---|---|
| A | A | R | A | A | A | R |
| 8/6/13 | **8/13/13** | **10/10/13** | **11/25/13** | **12/20/13** | 2/3/14 | |
| A | NE | NE | NE | NE | A$^*$ | |
| **2/26/14** | **4/14/14** | 5/5/14 | 6/6/14 | 6/13/14 | **9/11/14** | |
| R | R | A$^*$ | A$^*$ | A | R | |
| A – Scheduled appointment Sorensen attended; R – Scheduled appointment Sorensen refused to attend; NE – Scheduled appointment was unable to attend due to lack of escort; * - Appointment scheduled in response to sick call request. ||||||||

The DOC acknowledged that Sorensen was not able to attend scheduled appointments between August and December of 2013 due to staff shortages during that time period. *Id.* at 6. Based on this evidence, ALJ Lunn-Exinor concluded that:

> The evidence is clear that the Grievant [Sorensen] missed four dental appointments between August 2013 and May 2014, due to a lack of escorts available to take him to his appointments. The evidence is also clear that the Grievant refused to go to two scheduled dental appointments during the same time period. When the Grievant completed a sick call request for his emergency dental problems, he was treated by the dentist the next day. In comparison, there were times when his scheduled appointments that were not emergency appointments were missed due to JCI staff problems but also due to the Grievant's refusal to attend.
>
> Accordingly, if the Grievant's dental needs consistently required emergency care, the Grievant would never refuse to attend an appointment, but he did. The Grievant was entitled to medical services and he received them in a timely manner. There is no proof that there was any degradation in his dental condition as a result of waiting for dental appointments. The Grievant has not shown that the custodial staff at JCI deliberately prevented him from obtaining medical treatment.

*Id.* at 6.

Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Collateral estoppel "bars the relitigation of specific issues that were actually determined in a prior action," *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008), so long as the "party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate" the issue. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (quoting *Sedlack v. Braswell Servs., Grp., Inc.*, 134 F.3d 219, 225 (4th Cir. 1998)). In addition to judicial proceedings, Maryland law also dictates that administrative decisions may be given preclusive effect where: " '(1) the agency was acting in a quasi-judicial capacity'; (2) the issue as to which

the defendant seeks to estop the plaintiff 'was actually litigated before the agency'; and (3) 'resolution of the issue was necessary to the agency's decision.' " *Chew v. Green*, No. DKC-13-2115, 2014 WL 4384259, at *9 (D. Md. Sept. 2, 2014) (quoting *Neifert v. Dept. of the Envir.*, 910 A.2d 1100, 1112 (2006)). And in *Batts v. Lee*, this Court held that IGO hearings such as the one over which ALJ Lunn-Exinor presided can have preclusive effect. 949 F. Supp. 1229, 1234 (D. Md. 1996). Thus, any issues that ALJ Lunn-Exinor decided that were necessary to her decision cannot be relitigated here.

ALJ Lunn-Exinor determined that it was not arbitrary or capricious for JCI to fail to provide an escort to take Sorensen to four of nineteen dental appointments scheduled for him over the course of 2013–14. *Sorensen*, OAH Case No. DPSC-IGO-002V-14-42645, at 7. In so concluding, she reasoned that Sorensen's medical condition was not serious because he refused to attend five appointments over that span, which he would not have done if he were suffering from a serious medical condition. *See id.* at 6. She also found "no proof that there was any degradation in his dental condition as a result of waiting for dental appointments." *Id.* Thus, although ALJ Lunn-Exinor's did not decide whether or not JCI violated Sorensen's Eighth Amendment rights, her conclusion that JCI did not act arbitrarily or capriciously depended upon findings that Sorensen did not suffer from an serious medical condition and that delayed treatment did not result in additional harm, meaning that it could not have amounted to deliberate indifference. *See Webb*, 281 F. App'x at 166. Those conclusions are binding in this case, meaning that Sorensen's deliberate indifference claim fails.

## Conclusion

ALJ Lunn-Exinor's decision in an IGO hearing that JCI did not act arbitrarily or capriciously by failing to provide an escort to take Sorensen to four dental appointments during

2013–14 depended on findings that Sorensen did not suffer from a serious medical condition and that the prison was not deliberately indifferent to his medical needs. Those conclusions are entitled to preclusive effect in this Court. The Defendants are therefore entitled to summary judgment on the sole remaining claim.

    A separate Order shall be entered reflecting this Memorandum Opinion.

June 19, 2017                                   /S/
Date                                             Paul W. Grimm
                                                   United States District Judge